UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-cr-00002-JMS-TAB-14 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| DONALD HINKLE | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☐ DENIED WITHOUT PREJUDICE.

☒ DENIED. In May 2017, Mr. Hinkle pled guilty to one count of possession of ammunition by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). Dkts. 705, 708. The Court sentenced Mr. Hinkle to 120 months of imprisonment and 2 years of supervised release. Dkt. 708.

In 2020, Mr. Hinkle filed a motion for compassionate release. Dkt. 898. The Court denied his motion, finding that the risk he faced from the COVID-19 pandemic in light of his medical conditions, did not establish extraordinary and compelling reasons to grant him compassionate release, and his rehabilitation alone is not an extraordinary and compelling reason to release him. Dkt. 948. About a year and a half later, Mr. Hinkle filed the instant motion for compassionate release, wherein he argues that he establishes extraordinary and compelling reasons for release because he has served seventy percent of his statutory sentence, he has substantially rehabilitated

1

himself while in prison, and he has a plan for when he is released from prison.[1] Dkt. 980. The Court concludes that it does not require a response from the United States to resolve the issues raised by Mr. Hinkle's motion.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

The fact that Mr. Hinkle has completed seventy percent of his sentence is not extraordinary. Many other prisoners have also completed similar portions of their sentence. Likewise, Mr. Hinkle's representation that he has a viable, confirmable release plan with familial support is not extraordinary. Many inmates also have viable, confirmed release plans and supportive

---

[1] Mr. Hinkle titled his motion as one pursuant to § 404 of the First Step Act, which allows courts to reduce sentences for defendants convicted of certain "covered offenses" involving crack cocaine. *See* 132 Stat. at 5222 (§ 404 of the First Step Act)). The Court does not understand Mr. Hinkle to seek a sentence reduction under § 404, but instead interprets his motion to be one for compassionate release pursuant to § 603 of the First Step Act. To the extent Mr. Hinkle did intend to bring a motion under § 404, however, he does not qualify because he did not commit a "covered offense" for purposes of § 404. *See United States v. Hudson*, 967 F.3d 605, 607 (7th Cir. 2020) (possession of a firearm by a person convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), is not a "covered offense").

communities waiting for them. While the Court might consider the portion of his sentence that he has served and his release plan/familial support in weighing the § 3553(a) factors, it declines to exercise its discretion to find that these are extraordinary and compelling reasons for relief under § 3582(c)(1)(A), whether standing alone or in combination with any other factors.

That leaves Mr. Hinkle with rehabilitation as the only potential extraordinary and compelling reason for his release. While the Court applauds Mr. Hinkle for his efforts at rehabilitation and accomplishments while in prison, rehabilitation alone cannot be an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A). *See United States v. Peoples*, 41 F.4th 837, 842 (7th Cir. 2022) ("[R]ehabilitation cannot serve as a stand-alone reason for compassionate release") (cleaned up); *see also* 28 U.S.C. § 994(t). The Court does not find that Mr. Hinkle's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling reason to grant him compassionate release.

Because Mr. Hinkle has not shown extraordinary and compelling reasons warranting release, the Court need not consider whether the sentencing factors in § 3553(a) weigh in favor of release.

Accordingly, Defendant's motion for compassionate release, dkt. [980], is **denied**.

**IT IS SO ORDERED.**

Date: 1/13/2023

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Donald Hinkle
Reg. No. 15170-028
FCI Milan
Federal Correctional Institution
P.O. Box 1000
Milan, MI  48160

All Electronically Registered Counsel